**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 21 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALEX GREGORY ROBERTSON, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1109-CR-538 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland W. Chamblee, Jr., Judge
Cause No. 71D08-1004-MR-3

**May 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a jury trial, Alex Gregory Robertson appeals his conviction of murder, a felony. On appeal, Robertson presents one issue: whether sufficient evidence was presented to sustain his conviction of murder. Concluding the evidence is sufficient, we affirm.

## Facts and Procedural History

In the early morning hours of April 10, 2010, Derick Lockhart was shot and killed in a parking lot adjacent to a McDonald's restaurant in Mishawaka, Indiana. Lockhart and a group of his friends drove to the McDonald's restaurant for the purpose of meeting with Robertson and his friends, Kyle Bishop and Mike Villanueva, to fistfight. Bishop drove Robertson and Villanueva in Bishop's 1999 white Cadillac to the McDonald's; Robertson sat in the front passenger seat and Villanueva sat in the back. Upon arriving at McDonald's, Bishop decided to order water from the drive-thru window.

As the Cadillac approached the pick-up window of the drive-thru lane, Lockhart and his friends, who had been waiting in the parking lot for Robertson's arrival, began to approach the Cadillac on the passenger side while talking and making gestures as if to "egg on the people in the car." Transcript Vol. 1 at 305. As a McDonald's employee attempted to hand the water to Bishop, she observed Robertson brandish a gun, point it in the direction of the approaching group, and open fire. Lockhart and his group immediately began retreating from the Cadillac and Bishop drove away while Robertson continued shooting, ultimately striking Lockhart in the head. After fleeing the scene, Bishop emptied the handgun of its cartridges and along with Robertson, hid the gun in Bishop's garage.

2

Officers immediately responded to the scene and paramedics transported Lockhart to Memorial Hospital, where he was pronounced dead as a result of a single gunshot wound to the head. Robertson telephoned Bishop's then-girlfriend Paige Green later during the day of the shooting and admitted over a speakerphone he "shot someone." Tr. Vol. 2 at 229-31. Green's mother, Officer Kirby Stoner, and Officer James Taylor were present at Green's home during the conversation and overheard Robertson's confession. Officers recovered the gun from Bishop's garage and matched it to the bullet found in Lockhart's skull and to one found in a building next door to the McDonald's. The gun was determined to be a .32 caliber revolver belonging to Bishop; he was subsequently charged with assisting a criminal.

At trial, Dr. Joseph Prahlow testified that the autopsy revealed Lockhart was shot from more than three feet away and with the gun pointed directly at his head. Mark Lockwood, a customer behind Bishop's car in the drive-thru lane, testified that while he could not recognize the front seat passenger in Bishop's car, "clearly without a doubt the front seat passenger" and not the driver pulled out a gun and fired shots. Tr. Vol. 1 at 347. Numerous other witnesses, all of whom were Lockhart's friends and were present during the shooting but had been drinking that night, also testified that the front seat passenger of Bishop's car was the shooter. One specifically testified that Bishop was the driver, and another testified that he recognized the car as Bishop's. Bishop testified on behalf of the State that the gun used in the shooting belonged to him but that he was driving the car and Robertson sat in the front passenger seat and was the shooter.

Robertson was found guilty and convicted of murder, a felony, and carrying a handgun without a permit, a Class A misdemeanor. He was sentenced to fifty-five years

with five years suspended for the murder conviction and one year with 494 days credit for carrying a handgun, with the sentences to be served concurrently. Robertson now appeals his conviction of murder.

## Discussion and Decision

### I. Standard of Review

The standard of reviewing a challenge to the sufficiency of evidence supporting a conviction is well settled: we neither reweigh the evidence nor judge the credibility of the witnesses. Ware v. State, 859 N.E.2d 708, 724 (Ind. Ct. App. 2007), trans. denied. We will consider only the evidence favorable to the judgment and reasonable inferences drawn therefrom. Id. We determine therefrom "whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." Wilson v. State, 765 N.E.2d 1265, 1267 (Ind. 2002). "The verdict comes before us with a presumption of legitimacy. We reverse only if, after viewing the evidence in the light most favorable to the judgment, we are convinced that as a matter of law the facts of the case and reasonable inferences drawn therefrom do not support the verdict." Binkley v. State, 654 N.E.2d 736, 737 (Ind. 1995).

However, "[i]f a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence," we may impinge upon a fact finder's function to assess the credibility of a witness. Love v. State, 761 N.E.2d 806, 810 (Ind. 2002). "Application of this [incredible dubiosity] rule is very narrow and permitted only 'where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt.'" Turner v. State, 953

4

N.E.2d 1039, 1059 (Ind. 2011) (quoting Whedon v. State, 765 N.E.2d 1276, 1277 (Ind. 2002)).

## II. Evidence of Murder

"A person who: (1) knowingly or intentionally kills another human being; commits murder, a felony." Ind. Code § 35-42-1-1. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "Both intentional and knowing actions may be inferred from the circumstances." Ritchie v. State, 809 N.E.2d 258, 270 (Ind. 2004), cert. denied, 546 U.S. 828 (2005).

Robertson argues that the evidence is insufficient to establish that he was the person who killed Lockhart. The crux of his argument is that no one, other than Bishop, a co-defendant who admittedly owned the gun used in the shooting and who arguably was receiving leniency in his charge of assisting a criminal in exchange for testifying on behalf of the State, could positively identify Robertson as the passenger in the Cadillac. Robertson argues that Bishop's testimony is "inherently improbable" and we should apply the incredible dubiosity rule in this case to discount his identification of Robertson as the shooter. As we have previously stated, we will only apply the incredible dubiosity rule when a sole witness presents inherently contradictory testimony and there is no circumstantial evidence of guilt. See Turner, 953 N.E.2d at 1059. This is not such a case.

5

Bishop was not the sole witness, and his testimony was not inherently contradictory, nor was it equivocal or coerced. Moreover, circumstantial evidence supports the jury's verdict. Several witnesses testified the car belonged to Bishop and identified Bishop as the driver. Numerous witnesses testified the shooter was the front seat passenger, and at least two witnesses in addition to Bishop identified Robertson as the passenger. Villanueva testified that just before the shooting, Bishop nudged Robertson and told him "man, let's not do this," urging Robertson to put the gun down. Tr. Vol. 2 at 200. Robertson himself told an acquaintance that he shot someone. Even excluding Bishop's testimony that he was driving the car, a reasonable jury could determine that Bishop was the driver of his own car that morning and not the passenger and that Robertson was the passenger and the shooter.

Given that we will only apply the incredible dubiosity rule in extremely limited circumstances, this is not an instance where application of the rule would be appropriate. Assuming arguendo that Bishop's testimony was contradictory or improbable, there was not a lack of other credible circumstantial evidence from which a jury could reasonably conclude that Robertson was the passenger of the white Cadillac and thus the shooter of the bullet which struck Lockhart. The State proved by sufficient evidence that Robertson committed the crime of murder.

## Conclusion

The testimony of several witnesses and the existence of sufficient circumstantial evidence to infer guilt beyond a reasonable doubt does not allow application of the "incredible dubiosity" rule to Robertson's challenge of Bishop's testimony. The State

6

proved by sufficient evidence that Robertson committed murder and his conviction is therefore affirmed.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.